Jorge ESTRADA–CHAVARRIA; et al., Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–72313.

Agency Nos. A75–665–664, A75–665–665, A75–665–666, A75–665–667, A75–665–668.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.**

Decided Aug. 5, 2005.

Jaime Jasso, Westlake Village, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Margaret Perry, Jennifer Lightbody, Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM***

Petitioners Jorge Estrada–Chavarria and Rosalinda Conejo–Manzano, husband and wife, and three of their children, Jose Luis Estrada–Conejo, Jose Raul Estrada–Conejo and Emmanel Estrada–Conejo, all

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order of removal and denial of cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petitions.

Petitioners contend that they were denied their due process rights to a "full and fair hearing" in their removal proceedings, a claim that we review de novo. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We will reverse the BIA's decision on due process grounds if (1) "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case," and (2) prejudiced ensued. *Id.* (internal quotation marks and citation omitted). The BIA affirmed, without opinion, the Immigration Judge's ("IJ") decision. We accordingly review the IJ's decision as the final agency action. *Avendano–Ramirez v. Ashcroft*, 365 F.3d 813, 815 (9th Cir.2004).

The removal proceedings at issue here did not violate the petitioners' due process rights. *Id.* Petitioners were granted substantial time and multiple continuances to prepare for their merits hearing. Prior to receiving their final continuance, the parents were specifically warned by the IJ that they would not receive any further continuances for lack of preparation or communication between the petitioners and their counsel. Both parents stated that they understood that their case would go forward at the next hearing, with or without an attorney, prepared or unprepared. *See* Transcript of Hearing, Certified Administrative Record, at 172.

The parents had also been advised, in advance, of their obligations in presenting a claim, *see id.* at 158, and the IJ provided ample opportunity throughout the merits removal hearing for the petitioners to present their evidence. None of petitioners' contentions convince us that the proceedings before the IJ were fundamentally unfair or that the petitioners were "prevented from reasonably presenting [their] case[s]." *Colmenar*, 210 F.3d at 971.

### PETITIONS FOR REVIEW DENIED.